Judge Hitchcock
stated the case, and delivered the opinion of the court:
The record shows that the plaintiff in error, at the August term of the court of common pleas, 1836, was arraigned and tried upon an indictment containing three counts. In the first count he is charged with having committed a rape “in and upon one Eliza Johnson, a child" in the peace being. In the second count he is charged with having assaulted the same person, with intent to commit a rape. In this count the person assaulted is described as “Eliza Johnson, a childand in the third count he is charged merely with having committed an assault upon the said Eliza Johnson.
To this indictment the defendant pleaded not guilty.
The jury found that the defendant was guilty as charged in the second count of the indictment, and not guilty as charged in the first count.
After verdict the defendant moved in arrest of judgment upon the second count, of the indictment, and assigned the following reasons:
1. Because the indictment contains no ^averment negativing the excepting clause of the statute, “them, daughter or sister,” etc.
2. Because the indictment, in describing the person upon whom the offense was committed, doe's not employ the language of the *538 statute, using the word child alone, instead of the descriptive statutory word, female child.
3. Because of general uncertainty.
This motion was overruled, and the defendant adjudged to three years’ confinement in the penitentiary.
To reverse this judgment the writ of error is brought, and the errors-assigned are in substance the same as the reasons in arrest of judgment.
The question, then, to be decided is, whether the second count of this indictment is sufficient in law. That count is in the following words: “And the grand jurors aforesaid, for the county aforesaid, upon their oath aforesaid, do further present and say that the said'James O. Bowles, late of the county aforesaid, on August 21, 1836, with force and arms, at the township of Dayton aforesaid, in the county aforesaid, in and upon the said E. Johnson, a child, in the peace of God and of the State of Ohio, then and there being, an assault did unlawfully make, and her, the said Eliza Johnson, a child, then and there did beat, wound, and ill-treat, with intent her, the said Eliza Johnson, a child aforesaid, violently, forcibly, and against her will, then and there unlawfully and feloniously to ravish and carnally know, to the great damage of her, the said Eliza Johnson, a child, as aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.”
In this count the offense seems to be specifically set forth, and whatever of uncertainty there is, it is fully supplied by reference to the previous part of the indictment. The principal exception taken is, that the individual upon whom the offense is committed is not described as “a female child." The legislature, in prescribing a punishment for the crime of rape, have divided the offense into two classes, and graduated the punishment accordingly. By section 4 of the act for the punishment of crimes, 29 Stat. 136, it is provided that if any person shall have carnal knowledge of his daughter or sister, forcibly and against her will, the person so offending shall be confined in the penitentiary, and kept at hard labor during *life; and by section 5, that if' any person shall have carnal knowledge of any other woman than his daughter or sister as aforesaid, forcibly and against her will; or if any male person of the age of seventeen years and upward, shall carnally know and abuse any female child under fhe age of' ten *539 years, with or without her consent, every person so offending shall bo punished by imprisonment in the penitentiary at hard labor not more than twenty nor less than seven years. The first count of the indictment in this case is framed under the last preceding clause of the statute, and had the defendant been convicted under that count, there might be some difficulty in the case. If the intention was to indict under the last clause of section 5, it would seem to be proper to describe the person upon whonrthe offense was 'committed, as being a female child under ten years of age, and the offender as being a male person over seventeen years of age. If under the first clause, then, to describe the person upon whom the offense was committed as being other than the daughter or sister of the offender; but whether it would be indispensably necessary, it is unnecessary now to decide. The defendant was found not guilty as to the first count, and our attention is called to the second, under which he was convicted. This is framed under section 17 of the act for the punishment of crimes. 29 Stat. 138. This section enacts that if any person shall assault another with intent to commit a rape upon the person so assaulted, every person so offending shall be held guilty of a misdemeanor, and shall be punished by imprisonment in the penitentiary not more than seven nor less than three years. This is a distinct offense, no way connected with those specified in sections 4 and 5. Whether the person assaulted be the sister, or daughter, or a stranger, is immaterial ; or whether she be an adult or a child, in legal contemplation, the offense is the same. The only question is, whether a child is a person; and of this, I apprehend there can be no doubt. In truth, it was altogether unnecessary to describe the person assaulted as being a child, and this part of the indictment might be regarded as surplusage. It does not, however, vitiate the proceedings.
The judgment of the court of common pleas is affirmed, with costs.